UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

LUIS D.P.,

                            Plaintiff,

v.                                                      CASE # 21-cv-00987

COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.

_____

APPEARANCES:                                   OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC      JEANNE E. MURRAY, ESQ.
  Counsel for Plaintiff                          KENNETH R. HILLER, ESQ.
600 North Bailey Ave
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                    GRAHAM MORRISON, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is **DENIED**, the defendant's motion for judgment on the administrative record is **GRANTED**, and the decision of the Commissioner is **AFFIRMED**.

## I.      RELEVANT BACKGROUND

### A.      Factual Background

Plaintiff was born on May 19, 1982 and he does not speak or understand English. (Tr. 286, 328). Generally, plaintiff's alleged disability consists of a shoulder injury, rotator cuff injury, diabetes, high blood pressure, sleep apnea, right leg injury and mental health conditions. (Tr. 381). His alleged onset date of disability is January 28, 2019 and his date last insured is December 31, 2023. (Tr. 383).

### B.      Procedural History

On February 12, 2019, plaintiff protectively applied for a period of Disability Insurance Benefits under Title II of the Social Security Act. (Tr. 322). This claim was denied initially on June 27, 2019, and upon reconsideration on October 10, 2019. Thereafter, plaintiff filed a timely request for a hearing before an Administrative Law Judge (ALJ). On January 11, 2021, plaintiff appeared telephonically before ALJ Bryce Baird. (Tr. 44-87). He testified with the assistance of an interpreter. (*Id.*). On January 26, 2021, ALJ Baird issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 16-43). The Appeals Council (AC) denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. (Tr. 1-9). Thereafter, plaintiff timely sought judicial review in this Court.

### C.      The ALJ's Decision

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2024.

2. The claimant has not engaged in substantial gainful activity since January 28, 2019, the alleged onset date (20 CFR 404.1571 *et seq.*).

3.  The claimant has the following severe impairments: right shoulder rotator cuff tear with surgical repair, bursitis and arthritis of right shoulder, depression, unspecified anxiety disorder, and lumbar spondylosis (20 CFR 404.1520(c)).

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5.  After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can lift, carry, push and pull up to 20 pounds occasionally and up to 10 pounds frequently, sit, stand or walk for up to 6 hours in an 8-hour workday. The claimant can have occasional use of hand controls with the right hand. The claimant can frequently climb ramps and stairs but never climb ladders, ropes or scaffolds. The claimant can frequently balance and stoop, occasionally kneel and crouch but never crawl. The claimant can frequently reach with the right upper extremity but only occasionally reach overhead with the right upper extremity. Communication in English is not required as a function of the job. The claimant can perform work limited to simple, routine tasks that can be learned after a short demonstration or within 30 days.

6.  The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7.  The claimant was born on May 19, 1982 and was 36 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8.  The claimant has a limited education (20 CFR 404.1564).

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from January 28, 2019, through the date of this decision (20 CFR 404.1520(g)).

(Tr. 16-37).

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

Plaintiff offers two arguments for remand. First, plaintiff asserts the ALJ failed to rely on substantial evidence in assessing his mental RFC but rather relied on his own lay opinion and failed to tether the mental RFC to substantial evidence. Second, plaintiff argues the ALJ failed to evaluate all the opinions of record. (Dkt. No. 8 [Pl.'s Mem. of Law]).

### B.     Defendant's Arguments

In response, defendant asserts substantial evidence supports the mental and physical RFC. (Dkt. No. 9 [Def.'s Mem. of Law]).

## III.     RELEVANT LEGAL STANDARD

### A.     Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support

a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.    Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.   ANALYSIS

### A. Mental RFC

Plaintiff contends the mental RFC is unsupported because the ALJ found severe mental impairments and limitations without medical opinion evidence. (Dkt. No. 8 at 11). It is well settled by the Second Circuit that an ALJ's decision does not have to be supported by an opinion. *Poupore v. Astrue*, 566 F.3d 306 (2d Cir. 2009); *see Corbiere v. Berry*hill 760 F. App'x 54, 56 (2d Cir. Jan. 23, 2019) (affirming the Commissioner's final decision despite the lack of a medical opinion expressly speaking to the physical portion of the RFC determination of sedentary work, and relying, instead, on the relevant medical findings in the treatment notes). Furthermore, where the record contains sufficient evidence, an ALJ is permitted to make determinations related to severe impairments. *Cook v. Comm'r of Soc. Sec.,* 818 F. App'x 108, 109–10 (2d Cir. 2020) (summary order) ("[A]lthough there was no medical opinion providing the specific restrictions reflected in the ALJ's RFC determination, such evidence is not required when 'the record contains sufficient evidence from which an ALJ can assess the [claimant's] residual functional capacity.' . . .  Here, the treatment notes were in line with the ALJ's RFC determinations.").   Indeed, the ultimate responsibility for assessing the RFC falls on the ALJ. *See* 20 C.F.R. §§ 404.1546(c), 416.946(c); *Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022). Here, the ALJ sufficiently developed the record and formulated the mentalRFC based on the record as a whole, without the need of medical opinions. *See Matta v. Astrue*, 508 Fed. App'x. 53, 56 (2d Cir. 2013) (Summary Order); *Young v. Berryhill*, No. 17-CV-6199L, 2018 WL 2752443, at *2 (W.D.N.Y. Jun. 8, 2018).

Strangely, plaintiff is arguing he is not as limited as the ALJ determined. However, to prevail under the substantial evidence standard, plaintiff must show that any reasonable factfinder

was compelled to assess greater restrictions than the ALJ already accounted for in the RFC. *Smith v. Berryhill*, No. 17-2005-CV, 2018 WL 3202766, at *4 (2d Cir. June 29, 2018) ("Smith had a duty to prove a more restrictive RFC and failed to do so."); *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 9 (2d Cir. 2017); *Barry v. Colvin*, 606 F. App'x 621, 623-24 (2d Cir. 2015). While medical opinion evidence indicated plaintiff's mental impairments were non-severe, the medical opinions were consistent with the ALJ's conclusion of non-disability. The ALJ's generosity in giving the plaintiff the benefit of the doubt and limiting him to "simple, routine tasks that can be learned after a short demonstration or within 30 days" is not an error. The Second Circuit has held that when an ALJ designed a RFC more restrictive than the medical opinion evidence, the ALJ did not "arbitrarily substitute his own judgment for competent medical opinion." *Smith v. Berryhill*, No. 17-2005- CV, 2018 WL 3202766 (2d Cir. June 29, 2018), *citing Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998).

It is not improper for the ALJ to assess the RFC based on all the relevant evidence. The burden is on plaintiff to prove a more restrictive RFC than assessed by the ALJ, which he has failed to do. *See* 20 C.F.R. §§ 404.1512(a). Plaintiff merely asserts there is no opinion evidence that mirrors the RFC determination and not that the limitations were greater, but concedes he is not as limited as the ALJ found. When substantial evidence of record supports the ALJ's determination of the facts, the Court must defer to the ALJ's decision. *See Vilardi v. Astrue*, 447 Fed. App'x 271, 272 (2d Cir. Jan. 10, 2012) (summary order).

**B.  Physical RFC**

Next plaintiff argues the physical RFC was not based on substantial evidence because the ALJ failed to reconcile it with the opinions of Drs. Dave, Rubinshteyn, and Wind, despite finding these opinions to be persuasive. (Tr. 33-34). Additionally, plaintiff asserts the ALJ ignored an

opinion from Dr. Wind which conflicted with the RFC. (Dkt. No. 5 at 19). As discussed above, an ALJ's conclusions do not have to perfectly correspond to a medical source opinion but rather should be based on a record as a whole. *Matta v. Astrue*, 508 F.App'x 53, 56 (2d Cir. Jan. 25, 2013) (summary order) citing *Richardson v. Perales*, 402 U.S. 389, 399 (1971) ("[w]e therefore are presented with the not uncommon situation of conflicting medical evidence

Plaintiff first asserts it was error for the ALJ to not include Dr. Dave's opinion that plaintiff "may have a mild need to avoid smoke, dust, fumes, inhalants, chemicals, extremes of temperature, humidity" in the RFC. (Dkt. No. 8 at 20). However, earlier in his decision, the ALJ explicitly discussed plaintiff's asthma and Dr. Dave's mild limitations, finding the impairment not severe as it did not cause significant limitations in functioning. (Tr. 25). The ALJ suitably identified normal respiratory and pulmonary clinical findings to support his conclusion. (*Id*.).

Plaintiff also argues the RFC is inconsistent with Dr. Dave's assessment of moderate limitations in prolonged standing and prolonged walking. (Dkt. No. 8 at 20-21). However, plaintiff told Dr. Dave there was a right knee injury in 2006 and the aggravating factor was prolonged standing but there was no treatment in years for his knee. (Tr. 630). Dr. Dave's examination revealed full strength in the lower extremities, normal gait, three-fourths squat, no assistive devices used, and no help needed ambulating in the exam room. (Tr. 631). There was tenderness in the right patellar tendon but no swelling of the knee and joints were table. (Tr. 362). Dr. Dave's report clearly gives the moderate limitations for prolonged standing and walking due to the right knee injury. (Tr. 633). Beyond Dr. Dave's report, the other evidence of record supported light work and was not inconsistent with the RFC. The ALJ even discussed this in his analysis stating that the record supports difficulty walking and standing due to the combined impairments, which was accommodated for by the reduced range of light exertion with additional postural and reaching

limitations. (Tr. 34). *See Petrie v. Astrue*, 412 F. App'x 401, 407 (2d Cir. 2011) ("[W]here the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that he have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability.").

Plaintiff's issue with Dr. Rubinshteyn's opinion is that a restriction of lifting no more than 10 pounds with the right arm is incompatible with light work. (Dkt. No. 8 at 21). The ability to lift ten pounds with one arm suggests the ability to lift twenty pounds using both arms (if not more so, as plaintiff's left arm was otherwise unimpaired). Again, the other medical opinions did not include such a limitation and the ALJ cited specific medical evidence that was related to the right upper extremity. (Tr. 30-31).

Lastly, the opinion of Dr. Wind that plaintiff could engage in light duty desk work is asserted by plaintiff to have been improperly considered by the ALJ. The full report continues that he would see plaintiff again in six weeks to consider a return to work. (Tr. 839, 891, 1031). ALJ Baird noted that the reports from Dr. Wind pertained only to the right shoulder after surgery and in the context of worker's compensation. The ALJ specifically noted that "whether an individual is disabled or can work is an issue reserved to the Commissioner pursuant to 20 CFR 404.1527(d)" (Tr. 34). This also applies to plaintiff's other argument that the ALJ failed to evaluated Dr. Wind's June 2019 opinion that plaintiff could lift no more than 10 pounds at waist level with no overhead activity. (Dkt. No. 8 at 22; Tr. 836-38). The ALJ pin-cited the June 2019 report when explaining the opinions were temporary in nature and post-surgery. (Tr. 33). Hence, the ALJ properly considered the opines and explained why they were only slightly persuasive. (Tr. 34).

It is not improper for the ALJ to assess the RFC based on all the relevant evidence. The burden is on plaintiff to prove a more restrictive RFC than assessed by the ALJ. *See* 20 C.F.R. §§ 404.1512(a). Plaintiff merely asserts there is no opinion evidence that mirrors the RFC determination. When substantial evidence of record supports the ALJ's determination of the facts, the Court must defer to the ALJ's decision. *See Vilardi v. Astrue*, 447 Fed. App'x 271, 272 (2d Cir. Jan. 10, 2012) (summary order).

**ACCORDINGLY, it is**

**ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No.8) is

   **DENIED**;

 and it is further

**ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 9) is

   **GRANTED**.

Dated: August 16, 2023                         *J. Gregory Wehrman*
Rochester, New York                         HON. J. Gregory Wehrman
                                            United States Magistrate Judge